**Maria A. VILLARREAL**

v.

**J.E. MERIT CONSTRUCTORS, INC.**

Civ.A. No. G–95–200.

United States District Court, S.D. Texas, Galveston Division.

Aug. 7, 1995.

John F. Nichols, Houston, TX, for plaintiff.

Sharon Stagg, Kathleen Reilly Richards, Hays McConn Price & Pickering, Houston, TX, for defendant.

### ORDER

KENT, District Judge.

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's claims brought under the American's with Disabilities Act (hereinafter "ADA") pursuant to Fed. R.Civ.P. 12(b)(6). For the reasons set forth below, Defendant's Motion to Dismiss Plaintiff's claims brought under the ADA is GRANTED.

### I. Background

Plaintiff brings this action for damages resulting from Defendant's alleged discriminatory employment practices. On September 26, 1990, Plaintiff began her employment with the Defendant, when Defendant purchased the company for which Plaintiff had been working for the previous three and a half years. Plaintiff began as a janitor and worked her way up to crew chief of a janitorial crew earning $9.90 per hour.

Plaintiff worked regularly until the fifth month of her pregnancy in 1993, when she miscarried. It was medically required that she be absent from work for four months. On January 11, 1994, Plaintiff allegedly announced her pregnancy to the Defendant. The following day, January 12, 1994, Plaintiff was allegedly informed by Defendant's Safety Director, Colleen Fisk, that she would need to submit to a drug test. Plaintiff allegedly had no objection to such drug test because she had been tested on four prior occasions: September 14, 1990 as a condition of her employment; October 15, 1992; January 12, 1993; and August 10, 1993. On all four occasions, Plaintiff allegedly tested negative for any nonprescription drugs.

Plaintiff allegedly gave her urine sample directly to Ms. Fisk. At that time, Ms. Fisk allegedly told Plaintiff that she would probably fail the test because she was pregnant. On January 13, 1994, Plaintiff worked her regular shift without incident or comment from the Defendant.

On January 14, 1994, Plaintiff was told by her supervisor, Randy Carroll, that she had tested positive on the drug test for cocaine. The test was conducted on-site at the Exxon–Mont Belvieu Plastics Plant. Plaintiff allegedly requested that she be given another opportunity to submit to a drug test, but she was refused. Subsequently, Defendant fired Plaintiff over the telephone.

Upon the direction of her physician, Plaintiff submitted to another drug test at the San Jacinto Medical Center, which tested negative. Plaintiff showed the results of the latest drug test to Defendant's Human Resources Director, Billie Roberts, but she was allegedly refused re-employment.

According to Plaintiff, defendant had no independent basis for suspecting drug use on the part of Plaintiff. However, she was allegedly selected for a "random" drug screen on January 12, 1994 immediately following her announcement that she was pregnant. Plaintiff asserts that her urine sample was tampered with by either Ms. Fisk or other agents, servants or employees of Defendant. Specifically, Plaintiff contends that Ms. Fisk conducted her own drug screening on Plaintiff's urine sample, resealed it, and forwarded to Roche Laboratories for testing. Plaintiff alleges that Ms. Fisk and/or other of Defendant's representatives violated standard testing procedures which mandate a confirmatory test when a positive test result is obtained in order to avoid a false positive.

According to Plaintiff, the Director of Toxicology for Roche Laboratories admitted that it was possible that the sample submitted by Plaintiff to Ms. Fisk could have been contaminated or tampered with by Defendant or its laboratory when they unsealed the sample for testing prior to forwarding it to Roche Laboratories.

Plaintiff asserts that she was terminated because she had informed Defendant of her pregnancy. Plaintiff further asserts that Defendant sought to fire her because of her prior miscarriage and prolonged absence from work. Alternatively, Plaintiff argues that Defendant knew that its employment Contract with Exxon's Mont Belvieu Plastics Plant would not be renewed in August, 1994, (the approximate time Plaintiff was to deliver her baby) and Defendant would be exposed to government rules and regulations as a consequence of Plaintiff's pregnancy. However, Defendant would not be exposed to such regulations if Plaintiff were terminated on the basis of testing positive for cocaine use.

Plaintiff brings claims under the following statutes: (1) Title VII of Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) and the Texas Commission on Human Rights Act of 1983; (2) Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e–(k); (3) Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12117; (4) Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654; and (5) common law causes of action for intentional infliction of emotional distress, negligent employment, fraud, and conspiracy to defraud.

On March 3, 1995, Plaintiff filed suit in the 344th Judicial District of Chambers County, Texas. On April 13, 1995, Defendant removed this case to this Court pursuant to Title 28 U.S.C. § 1331 and § 1441(b) given that this case is a civil action founded on claims or rights arising under the Constitution and laws of the United States. On April 18, 1995, Defendant filed the present Motion to Dismiss Plaintiff's claims under the ADA. Plaintiff did not file a Response to Defendant's Motion to Dismiss.

## II. Discussion

Plaintiff brings this action for damages resulting from the alleged wrongful termination of employment by Defendant. Defendant moves this Court to dismiss Plaintiff's claims brought pursuant to the ADA.

Title I of the ADA prohibits discrimination by a covered employer against

a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). A "qualified individual with a disability" is defined by the ADA to mean "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

In order for Plaintiff to establish a prima facie case of employment discrimination under the ADA, the Plaintiff must show that (1) she was "disabled" as defined by the ADA; (2) she was qualified with or without

accommodation, to do her job; (3) she was discharged; and (4) she was replaced by a non-disabled person. *Aikens v. Banana Republic, Inc.,* 877 F.Supp. 1031, 1036–37 (S.D.Tex.1995); *Rosen v. CSC Credit Services,* 1995 WL 318507 (N.D.Tex.1995); *Stradley v. Lafourche Communications, Inc.,* 869 F.Supp. 442, 443 (E.D.La.1994).

In the present case, Plaintiff asserts that Defendant terminated her employment soon after she announced her pregnancy. Plaintiff contends that Defendant tampered with her urine sample in order to ensure that Plaintiff would test positive for the use of cocaine. According to Plaintiff, Defendant terminated her employment because she was pregnant. Plaintiff argues that her pregnancy constitutes a disability under the ADA.

An individual with a disability is defined as a person with: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; and (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2).

The Equal Employment Opportunity Commission's interpretive guidance on Title I of the ADA states with respect to the determination of whether an individual has a "physical or mental impairment," that "[i]t is important to distinguish between conditions that are impairments and physical, psychological, environmental, cultural and economic characteristics that are not impairments." 29 C.F.R. Pt. 1630, App. at 395 (1994). The regulations further explain that "conditions, such as pregnancy, that are not the result of a physiological disorder are not impairments." *Id.* Moreover, the "temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities." *Id.* at 396.

Based upon these regulations, this Court concludes that pregnancy and related medical conditions do not, absent unusual circumstances, constitute a "physical impairment" under the ADA. Therefore, pregnancy and related medical conditions are not "disabilities" as that term is defined by the ADA.

The Court's determination that pregnancy is not a disability within the meaning of the ADA is further supported by the fact that employment discrimination on the basis of pregnancy and related conditions is specifically covered by Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act. Pregnancy discrimination is discrimination on the basis of sex as opposed to discrimination on the basis of disability. The existence of both Title VII and the Pregnancy Discrimination Act obviate the need to extend the coverage of the ADA to protect pregnancy and related medical conditions.

Hence, the Court concludes that Plaintiff's pregnancy is not a "physical impairment" as required under the ADA. Therefore, Plaintiff is not a qualified individual with a disability. The Court finds that Plaintiff has failed to state a claim under the ADA upon which relief can be granted. Thus, Plaintiff's claims against the Defendant with regard to the ADA are dismissed.

Finally, the Court notes that Defendant filed the present Motion to Dismiss on April 18, 1995. Pursuant to Local Rule 6(D), "opposed motions will be submitted to the Judge twenty (20) days from filing without notice from the clerk and without appearance by counsel." Furthermore, under Local Rule 6(E), "responses to motions must be filed by the submission date" and "failure to respond will be taken as a representation of no opposition." Plaintiff failed to file a Response to the Defendant's Motion to Dismiss Plaintiff's ADA claims in the ensuing four months. The Court finds that Defendant's Motion to Dismiss Plaintiff claim brought pursuant to the ADA are Unopposed.

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff claims brought pursuant to the Ada is **GRANTED**. Plaintiff's claim against the Defendant for violation of the ADA is **HEREBY DISMISSED WITH PREJUDICE**. Furthermore, the parties are **ORDERED** to file nothing further on this issue in this court, especially Motions to Reconsider or the like, *unless* they can present *compelling* and *relevant* new evidence or legal authority which they could not, through the exercise of due diligence, have presented upon original submis-

sion of this Motion. *Any and all* further relief on this issue shall be sought in due course from the United States Court of Appeals for the Fifth Circuit.

IT IS SO ORDERED.

### FINAL JUDGMENT

For the reasons set forth in the Court's Order granting Defendant J.E. Merit Constructors, Inc's Motion to Dismiss under Rule 12(b)(6), Plaintiff's claim against Defendant for violation of the Americans with Disabilities Act is HEREBY DISMISSED WITH PREJUDICE. All parties are to bear their own taxable costs incurred herein to date.

As to Plaintiff's claim against Defendant J.E. Merit Constructors, Inc. for violation the Americans with Disabilities Act, THIS IS A FINAL JUDGMENT.