**Kara N. JESSIE, Plaintiff,**

v.

**CARTER HEALTH CARE CENTER, INC. aka Sterling Acquisition Corp., Defendant.**

**Civil Action No. 95–5.**

United States District Court, E.D. Kentucky, Ashland.

May 24, 1996.

William C. Rambicure, Susan C. Sears, Newberry, Hargrove & Rambicure, Lexington, KY, William H. Wilhoit, Wilhoit & Wilhoit, Grayson, KY, Maxwell L. Hammond, Grayson, KY, for Kara N. Jessie.

Roger A. Weber, Lisa A. Huelsman, Taft, Stettinius & Hollister, Cincinnati, OH, Robert B. Craig, Taft, Stettinius & Hollister, Crestview Hills, KY, Kenneth Williams, Jr., Ashland, KY, for Carter Health Care Center, Inc.

Roger A. Weber, Lisa A. Huelsman, Taft, Stettinius & Hollister, Cincinnati, OH, Robert B. Craig, Taft, Stettinius & Hollister, Crestview Hills, KY, for Sterling Acquisition Corp., formerly Carter Health Care Center, Inc.

## MEMORANDUM OPINION

HOOD, District Judge.

Before the Court is the motion of the defendant Carter Health Care Center (Carter) to dismiss certain claims set forth in the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiff Kara N. Jessie (Jessie) has filed a response to which Carter has filed a reply.

Jessie has also filed a motion for leave to file a surreply along with a tendered surreply and has requested oral argument on the motion to dismiss. Finding that oral argument would not be helpful to the disposition of this motion, the motion for oral argument will be denied.

Being fully briefed, this matter is ripe for consideration.

## FACTUAL BACKGROUND

▮ The facts, in so far as germane to this motion, are construed in the light most favorable to Jessie as follows.[1] Jessie was first employed by Carter as a certified nursing assistant sometime in mid-May 1993. In February of 1994, Jessie became pregnant with her second child. On March 25, Jessie attended her first pre-natal appointment with Dr. Gilbert. In accordance with routine practice, Dr. Gilbert informed Jessie that she should not lift more than 25 pounds or work more than eight hours a day. Dr. Gilbert also gave Jessie a letter evidencing his instructions.

On the same day of the appointment, Jessie reported to her job at the regularly scheduled time of 2:00 p.m. and told her union representative that she had been placed on weight and time restrictions. Jessie met with the Assistant Director of Nursing and provided her with the letter recounting her restrictions. At that point, Jessie was told that light work duty was available but that it was not clear if such assignment could be made.

On March 28, the Assistant Director of Nursing told Jessie that she had spoken with Administrator E. Ben Bays (Bays). At 5:00 pm on that same day, Jessie met with Bays to discuss the situation and informed him she would seek to have the restrictions dropped. Dr. Gilbert declined her request.

On March 29, Jessie informed the Assistant Director of Nursing that Dr. Gilbert would not lift the restriction. She was then placed on light duty work. Later that same day, Jessie was called to Bays' office where Bays told her that he would have an answer for her on the following day.

All this led to a final meeting on March 31. Jessie claims that at this meeting she was told that if she was allowed to work light duty under these circumstances, the same would have to be done for at least twenty other "girls." On this same date, Jessie claims she was placed on a forced leave of absence.

Jessie filed this action bringing claims under the following statutes: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1); (2) Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k); (3) Americans with Disabilities Act of 1990, 42

---

1. The standard applicable to motions to dismiss is well-established in the Sixth Circuit. In *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir.1994), the court held that "[a] district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover. All factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor."

U.S.C. § 12101–12117; (4) Family and Medical Leave Act of 1993, 29 U.S.C. § 2601–2654; and (5) state law claims of breach of contract and intentional or negligent infliction of severe emotional distress.

## DISCUSSION

Despite protestations to the contrary, only two issues must be decided in resolving this motion to dismiss for failure to state a claim. First, it must be determined whether Jessie's condition of being pregnant and placed on weight and time restrictions falls within the definition of impairment or disability as intended by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

Second, the Court must determine whether Jessie was an eligible employee within the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and if not, then whether the promissory estoppel regulation 29 C.F.R. § 825.110(d) (1994) prevents Carter from claiming she is not covered.

### A. Pregnancy and the Americans with Disabilities Act

In her amended complaint, Jessie alleges that Carter violated her civil rights under the Americans with Disabilities Act (ADA). Such claim appears in that portion of the amended complaint describing the nature of the action; it is not subsequently added as an additional formal cause of action. Even so, the Court shall treat it as such.

■■■■ It is clear that in order for Jessie to make out a prima facie case of discrimination under the ADA, she must show, among other things, that she was "disabled" within the meaning of the ADA. *Villarreal v. J.E. Merit Constructors, Inc.,* 895 F.Supp. 149, 151 (S.D.Tex.1995).[2] The ADA provides three separate definitions of disability all turning on "a physical or mental impairment that substantially limits one or more of the

major life activities of [an] individual."[3] 42 U.S.C. § 12102(2). "Major life activities" in turn are defined by the regulations as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i) (1996).

■■■ Although Jessie would apparently entirely discount the Equal Employment Opportunity Commission's interpretive guidance on Title I of the ADA, the Court finds its expertise to be illuminating on the somewhat vague definition of impairment. A condition such as pregnancy (and the usual accompanying limitations) is considered, for lack of a better word, a physiological "disorder" rather than some sort of physical impairment. 29 C.F.R. Pt. 1630, App. 1630.2(h) at 395 (1994). That is, it is a temporary non-chronic condition of short duration which is not a disability under normal circumstances. *Id; Villarreal,* 895 F.Supp. at 152.

■■■ The Court finds this interpretation and the opinions cited by Carter to be persuasive. *Villarreal,* 895 F.Supp. at 152 (holding that absent unusual circumstances, pregnancy does not constitute a "physical impairment" under the ADA); *Tsetseranos v. Tech Prototype, Inc.,* 893 F.Supp. 109, 119 (D.N.H.1995) (same). Acts of Congress are not to be stretched so as to cover unintended situations. Here, it appears that Title VII and the Pregnancy Discrimination Act are the statutes germane to Jessie's situation. *Villarreal,* 895 F.Supp. at 152.

No unusual circumstances exist with respect to Jessie's pregnancy and thus such condition is not a "physical impairment" under the ADA. This claim therefore must be dismissed.

### B. Eligible Employee under the Family and Medical Leave Act

■■■ The FMLA guarantees only "eligible employees" the right to take up to twelve

---

**2.** To establish a *prima facie* case of employment discrimination under the ADA, a plaintiff must show "(1) she was 'disabled' as defined by the ADA; (2) she was qualified with or without accommodation, to do her job; (3) she was discharged; and (4) she was replaced by a nondisabled person." *Villarreal,* 895 F.Supp. at 151–152 (citations omitted).

**3.** A record of such *impairment* or being regarded as having such an *impairment* are the two additional definitions. As is evident, both turn on the meaning of impairment.

weeks unpaid leave per year in certain specified circumstances. *Bauer v. Dayton–Walther*, 910 F.Supp. 306, 309 (E.D.Ky.1996). An eligible employee is one "who has been employed for at least 12 months by the employer with respect to whom leave is requested. . . ." 29 U.S.C. § 2611(2)(A)(i).[4] The regulations further provide that the 12 month determination "must be made as of the date the leave commences." 29 C.F.R. § 825.110(d).

■ Jessie began employment in mid-May of 1993 and then was put on forced leave in March of 1994. Clearly, at that time she had not been employed by Carter for 12 months. Thus at the time of the actions complained of (in March 1994), she was not an "eligible employee" under the FMLA and thus not entitled to the protections afforded by the FMLA. Jessie's claim that she later became eligible in May of 1994 (due to the fact that she had not been terminated but had only been given a forced leave of absence) is not relevant. As the actions complained of occurred in March, it is her status in March (not May) which matters.

■ Jessie also seems to attempt to claim eligible status by way of the promissory estoppel provision in the FMLA regulations. 29 C.F.R. § 825.110(d) (1994). This regulation, effective at the time of the occurrence, provides:

> If an employee notifies the employer of need for FMLA leave before the employee meets these eligibility criteria, the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or must advise the employee when the eligibility requirement is met.

29 C.F.R. § 825.110(d) (1994). In the event that the employer fails to advise or confirm, the employee is deemed eligible. *Id.* In order for this promissory estoppel mechanism to apply, the employee must notify the employer of the need for leave (although the employee does not have to invoke specifically the FMLA). Upon a careful review of both the complaint and the amended complaint, the Court is unable to locate any facts whatsoever to support the necessary finding that Jessie sought leave. The essence of the conversations in March of 1994 all went to the weight and time restrictions imposed by Dr. Gilbert and the possibility of light duty work and not to leave. As Jessie never requested leave, her promissory estoppel argument fails.

■ In some measure, Jessie's FMLA claim also seems to be predicated on the allegation that Carter violated her rights by failing to post and keep posted in a conspicuous place notice of the employees' rights under the FMLA. Although not specified in the amended complaint, Jessie is apparently referring to the notice requirements of 29 U.S.C. § 2619(a). This notice claim does not fall within the scope of § 2617(a) which affixes liability on an employer who interferes with an employee's FMLA rights. In addition, the FMLA provision requiring notice also provides for a civil penalty for a willful violation of the notice provision. § 2619(b). These two factors in conjunction make it evident that a private right of action does not exist for a violation of the notice requirement. On this basis, Jessie does not state a viable claim for the alleged failure of Carter to apprise her of her FMLA rights.

## CONCLUSION

The Court shall enter an Order of even date consistent with the foregoing Memorandum Opinion granting the motion to dismiss the ADA and FMLA claims.

---

**4.** The employee must also have been employed "for at least 1,250 hours of service with [the] employer during the previous 12–month period." § 2611(2)(A)(ii).