Irvin **LOFTON,** Plaintiff,

v.

**TALEM INC.,** Defendant.

No. 4:96–CV–561–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

May 15, 1997.

Mark Londot Williams, Law Office of Mark L. Williams, Fort Worth, TX, for plaintiff.

Thomas S. Brandon, Jr., Michener Larimore Swindle Whitaker Flowers Sawyer Reynolds & Chalk, Fort Worth, TX, for defendant.

*MEMORANDUM OPINION and ORDER*

McBRYDE, District Judge.

Came on for consideration the motion of defendant, Talem, Inc., for summary judgment. The court, having considered the motion, the response of plaintiff, Irvin Lofton, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

## I.

### *Plaintiff's Claim*

On August 12, 1996, plaintiff filed his original complaint and, on September 25, 1996, plaintiff filed his first amended original complaint in this action. Plaintiff alleges that: He was hired by defendant in July 1989. In 1992, he was diagnosed as having glaucoma. He requested several different accommodations that would help his eyesight, to wit: a color monitor, software for paperwork, and incubators with lights and dials. Defendant was aware of plaintiff's requests, but did not supply the items requested, allegedly because they were too expensive. Plaintiff was terminated on January 22, 1996, in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101–12213 ("ADA").

## II.

### *Grounds of the Summary Judgment Motion*

Defendant urges three grounds in support of its motion for summary judgment. First, plaintiff cannot establish a *prima facie* case of discrimination. Second, defendant has articulated a legitimate non-discriminatory reason for terminating plaintiff's employment. And third, plaintiff has not come forward with sufficient summary judgment evidence to show that defendant's articulated reason for plaintiff's termination was mere pretext for discrimination. Because the court finds that the first issue is dispositive, it need not discuss the second and third.

## III.

### *The Summary Judgment Evidence*

When viewed in the light most favorable to plaintiff, the pertinent summary judgment evidence shows:

Plaintiff went to work for defendant in 1989 as a chemist working the second shift. In 1992, plaintiff was diagnosed as having glaucoma. Although plaintiff suffers a loss of his visual field, his visual acuity is corrected to 20/25 with glasses. His doctor did not restrict his activities in any way as a result of the glaucoma diagnosis. Plaintiff's eyes are not much worse today than they were in 1992 when the glaucoma was diagnosed. Plaintiff discussed his eyesight problems with his supervisors and with defendant's president on numerous occasions.

A primary purpose and essential function of plaintiff's job was to conduct biochemical oxygen demand ("BOD") tests. It was very important that the tests be conducted properly, because out-of-range tests were invalid and unusable by defendant. Plaintiff accounted for more than 80% of the BOD tests that were out-of-range in his department. Plaintiff admitted that his out-of-range tests had nothing to do with his glaucoma. Rather, he blamed these failures on lack of appropriate equipment.

## IV.

### *Applicable Summary Judgment Principles*

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to

which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 248, 256, 106 S.Ct. at 2510, 2514. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons*, 746 F.2d 265, 269 (5th Cir.1984).

The standard for granting a summary judgment is the same as the standard for a directed verdict. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552–53. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597, 106 S.Ct. at 1361.

## V.

### *Whether Plaintiff Can Establish a Prima Facie Case*

■ To establish a claim under the ADA, plaintiff must show that he was disabled, that he was qualified with or without accommodation to do his job, and that he was subject to an adverse employment action as a result of unlawful discrimination based on his disability. *Tyndall v. National Educ. Ctrs. Inc.*, 31 F.3d 209, 212 (4th Cir.1994); *Villarreal v. J.E. Merit Constructors, Inc.*, 895 F.Supp. 149, 151–52 (S.D.Tex.1995); *Aikens v. Banana Republic, Inc.*, 877 F.Supp. 1031, 1036 (S.D.Tex.1995). Under the ADA, the term "disability" means (i) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (ii) a record of such an impairment, or (iii) being regarded as having such an impairment. 42 U.S.C. § 12102(2). The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that individual holds or desires. 42 U.S.C. § 12111(8).

In this case, plaintiff has come forward with sufficient summary judgment evidence to raise a genuine fact issue as to his disability. In fact, defendant's own summary judgment evidence raises an issue of whether defendant regarded plaintiff as having a disability.

Where plaintiff fails to meet his summary judgment burden is as to the second element of his ADA cause of action, i.e., plaintiff fails to raise a genuine fact issue as to whether he is a "qualified individual with a disability." Plaintiff urges that he could have performed the essential functions of his job if he had been accommodated by defendant providing him an incubator with which to work. However, plaintiff himself testified that his trouble with the BOD tests was not due to his glaucoma:

Q. Did they ask questions about the quality control of your BOD's as far as your BOD's being out of range?

A. They asked questions—we talked about why the BOD's were out of range,

yes. We talked about quality problems with the BOD's.

Q. And what was your explanation for that?

A. My explanation for why Talem had quality problems was that they did not have proper temperature controls in the BOD room.

Q. When there were discussions about the BOD's being out of range with your supervisors, did you ever tell them, "I'm having trouble seeing these cylinders under 25 milliliters, and that's causing problems with the sample"?

A. No. Because that didn't cause any problem with any samples.

Q. Okay. So then the trouble that you had seeing or not seeing relating to setting up the BOD's had nothing to do with whether the BOD's were out of range?

A. Had nothing to do whatsoever with it.

Q. Okay. And so, was it the sole reason—your belief that the sole reason that the BOD's were not in proper range was because of the lack of temperature controls?

A. Yes. There were other reasons over the years, but mostly that was the primary problem, is that they didn't have the temperature. Different problems popped up, but mainly it was temperature.

Q. Tell me when those other problems cropped up and what they were.

A. Well, sometimes the water would become contaminated with bacteria, and we would correct that.

Sometimes the glassware wasn't washed properly, and we would correct that.

Just all kinds of problems that we had.

Sometimes the meter didn't calibrate properly and we would correct that.

Sometimes we ordered membranes that were not working, and we had to send them back to the factory and get better membranes.

So there was quite a few problems that would come up that would affect the quality of BOD that would correct it.

Defendant's Motion for Summary Judgment, Ex. 3, deposition of Irvin Lofton, 45–46.

The ADA does not require that the employer provide just any accommodation. Instead, the reasonable accommodation is required to be provided for the physical or mental limitations of an otherwise qualified individual with a disability (unless the accommodation would impose an undue hardship on the operation of the employer's business). 42 U.S.C. § 12112(b)(5). In other words, an individual with a disability is "otherwise qualified" if he is qualified for a job except that, because of the disability, he needs a reasonable accommodation to be able to perform the job's essential functions. *Harmer v. Virginia Elec. & Power Co.*, 831 F.Supp. 1300, 1306.(E.D.Va.1993). Here, by plaintiff's own admission,[1] the accommodation requested has nothing to do with plaintiff's glaucoma. Accordingly, defendant had no obligation under the ADA to provide it. Moreover, whether the equipment was the problem or not, other employees did not have the same problem plaintiff did with out-of-range BOD tests. Defendant concluded that the problem was poor quality control.

The court recognizes that the facts in this case look very bad for the defendant. Giving plaintiff the benefit of the doubt, the evidence reflects that defendant treated plaintiff as though he were disabled and may have even terminated him because of his disability. Nevertheless, plaintiff has to be able to show that he was qualified with or without accommodation to do his job. *Tyndall*, 31 F.3d at 212; *Villarreal*, 895 F.Supp. at 151–52; *Aikens*, 877 F.Supp. at 1036. If plaintiff was not qualified, then it does not matter why he was terminated. *Guneratne v. St. Mary's Hosp.*, 943 F.Supp. 771, 774 (S.D.Tex.1996) ("If no reasonable accommodation would enable the plaintiff to perform the essential functions of her position, then she is not a 'qualified individual' with a disability and is not subject to the protection

---

1. In addition to the deposition testimony quoted *supra*, plaintiff admits in his summary judgment response that "his Glaucoma was not the reason for the out-of-range work." Plaintiff's response, 16 ¶ 25.

afforded by the ADA."). *Cf. Southeastern Community College v. Davis,* 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979) (an otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap); *Chandler v. City of Dallas,* 2 F.3d 1385 (5th Cir.1993), *cert. denied,* 511 U.S. 1011, 114 S.Ct. 1386, 128 L.Ed.2d 61 (1994) (if plaintiff is not "otherwise qualified", there is no need to address the remaining elements of his claims). Based on the summary judgment record—in particular, the admissions of plaintiff himself—a reasonable jury could reach no other decision than that plaintiff was not a qualified individual as defined by the ADA. Accordingly, plaintiff is not entitled to the protection afforded by the ADA and may not proceed with his claim. *Tyndall,* 31 F.3d at 212–13; *Guneratne,* 943 F.Supp. at 774.

## VI.

### ORDER

For the reasons discussed herein,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against defendant; and that such claims be, and are hereby, dismissed with prejudice.

### FINAL JUDGMENT

In accordance with the court's memorandum opinion and order of even date herewith,

The court ORDERS, ADJUDGES, and DECREES that plaintiff, Irvin Lofton, take nothing on his claims against defendant, Talem, Inc., and that such claims be, and are hereby, dismissed with prejudice. The court further ORDERS, ADJUDGES, and DECREES that defendant have and recover its court costs from plaintiff.