**Deadria NORDQUIST, Plaintiff,**

v.

**CITY FINANCE COMPANY, Defendant.**

**No. 1:00CV43–S–A.**

United States District Court, N.D. Mississippi, Eastern Division.

Jan. 19, 2001.

J. Douglas Ford, Studdard Ray & Ford, columbus, MS, for plaintiff.

Katharine M. Samson, Dickinson, Ros, Wooten & Samson, PLLC, Gulfport, MS, for defendant.

## OPINION

SENTER, Senior District Judge.

In this case, plaintiff alleges that she was terminated because she exercised her rights under the Family and Medical Leave Act (FMLA). Presently before the court is defendant's motion for summary judgment.

## BACKGROUND

Although not crucial to the court's ruling, a brief recitation of the facts is warranted. The plaintiff, Deadria Nordquist, was the manager of the Columbus, Mississippi, branch of defendant, City Finance Company. In July, 1999, plaintiff went on maternity leave for the birth of her first child. While plaintiff was on leave, defendant discovered what it believed to be several lending irregularities committed by plaintiff, including making loans to family members. Plaintiff was summarily terminated. Plaintiff now maintains that defendant, which had designated her leave as FMLA-qualifying, violated the FMLA because it terminated her in retaliation for exercising her rights under the FMLA and because it did not return her to the same or an equivalent position at the expiration of her leave.

## DISCUSSION

■ Of critical importance is the question of whether this cause is properly before the court. Defendant maintains that because it did not have fifty employees at or within seventy-five miles of the Colum-

bus, Mississippi, office where plaintiff was employed, it does not meet the statutory definition of "employer," and therefore, subject matter jurisdiction is missing. In response, plaintiff does not contest that this is a jurisdictional issue but argues instead that defendant did indeed employ the requisite number of people.

Under the FMLA, a statutory employer is, in pertinent part, "any person engaged in commerce or in an industry or activity affecting commerce who employs 50 or more employees...." 29 U.S.C. § 2611(4)(A)(i). By its own calculations, defendant meets this definition since it employs approximately 100 people at approximately 27 different locations within the Northern District of Mississippi alone. Though the court would agree that in all likelihood the failure of an employer to meet the statutory requirements would deprive this court of subject matter jurisdiction, see *Greenlees v. Eidenmuller Enterprises, Inc.*, 32 F.3d 197, 198 (5th Cir.1994) (in the context of Title VII, status as "employer" is jurisdictional prerequisite to suit); *Womble v. Bhangu*, 864 F.2d 1212, 1213 (5th Cir.1989) (same), in this court's view, the question is not whether defendant is an "employer" but rather whether plaintiff was, at the time she gave notice of the need for leave, see 29 C.F.R. § 110(f), an "eligible employee." In that regard, the FMLA excludes from "eligible employee" status "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii). It is defendant's obligation to determine the employee's eligibility for coverage. *See generally* 29 C.F.R. § 110. Without a doubt, defendant employed only approximately thirty-seven employees within seventy-five miles of Columbus. That figure includes the Tusca-loosa, Alabama, office but excludes the Philadelphia, Pontotoc, Grenada, and Winona, Mississippi, offices, as they are outside the seventy-five mile radius. Clearly then, plaintiff was not, under usual circumstances, eligible for FMLA leave.

■ However, because of defendant's actions, this case does not present the usual circumstances. Here, upon plaintiff's notification that she needed to take FMLA leave for the birth of her child, plaintiff received the following letter from defendant:

> On 07/12/1999, we were notified of your need to take leave covered under the Family and Medical Leave Act (FMLA). You notified us that you need this leave beginning 07/07/1999 and you expect to return on or around 08/30/1999. *This letter is to inform you that you are eligible for Federal FMLA leave under our policy.*

(Emphasis added.) Clearly, as discussed *supra*, defendant was in error when it determined that plaintiff was an "eligible employee" under the FMLA. In this court's mind, the question thus becomes whether an employer is estopped from denying eligibility once it has bestowed such status. Though plaintiff alludes to this as an issue, she does not phrase it in the same terms and indeed cites to an inapplicable regulation for support. *See* 29 C.F.R. § 208(c) (if employer knows paid leave is for FMLA reason and fails to designate leave as FMLA leave, employer may not designate leave as FMLA leave retroactively).

Nevertheless, the Department of Labor has actually contemplated the occurrence of this situation, though in the context of a different portion of the definition of "eligible employee." Under subsection 2611(2)(A)(ii), to be an "eligible employee," the employee must have been em-

ployed by the employer for at least 1,250 hours during the previous 12–month period. As noted previously, the determination of whether the employee meets this definition is made by the employer. Under 29 C.F.R. § 825.110(d), which is referred to as the estoppel provision, "If the employer confirms eligibility at the time the notice for leave is received, the employer may not subsequently challenge the employee's eligibility." Furthermore, under the notice provision of the regulation, if the employer does not timely notify the employee of its eligibility determination, the employee is deemed eligible. 29 C.F.R. § 825.110(d). With the exception of one court, every court which has considered this regulation has struck it down as an invalid interpretation of the FMLA. *See Brungart v. BellSouth Telecommunications, Inc.,* 231 F.3d 791 (11th Cir.2000) (notice provision of 825.110(d) is invalid); *Dormeyer v. Comerica Bank–Illinois,* 223 F.3d 579 (7th Cir.2000) (notice provision of 825.110(d) is invalid though recognizing employee's right to invoke estoppel if detrimental reliance is shown); *Scheidecker v. Arvig Enterprises, Inc.,* 122 F.Supp.2d 1031 (D.Minn.2000) (notice provision of 825.110(d) is invalid); *McQuain v. Ebner Furnaces, Inc.,* 55 F.Supp.2d 763 (N.D.Ohio 1999) (same); *Seaman v. Downtown Partnership of Baltimore, Inc.,* 991 F.Supp. 751 (D.Md.1998) (estoppel provision of 825.110(d) invalid); *Wolke v. Dreadnought Marine, Inc.,* 954 F.Supp. 1133 (E.D.Va.1997) (notice provision of 825.110(d) is invalid as contradicting clear intent of Congress to restrict class of eligible employees and preventing employer from asserting legal impediment to claim; only courts, not Congress, can prescribe estoppel). *See also Fisher v. State Farm Mutual Automobile Insurance Co.,* 999 F.Supp. 866 (E.D.Tex.1998) (employer did not waive reconsideration of eligibility for FMLA leave even though it

initially approved eligibility). *But see Miller v. Defiance Metal Products, Inc.,* 989 F.Supp. 945 (N.D.Ohio) (notice provision of 825.110(d) is valid and reasonable interpretation of FMLA). There is no similar estoppel or notice provision in the sections of the regulations interpreting the exclusionary language of the definition of "eligible employee" at issue in this case, although the regulations do prohibit an employer from altering the status of an employee's leave if there is a subsequent diminishment of the workforce. *See* 29 C.F.R. §§ 110(f) and 111.

Even if the estoppel portion of 825.110(d) were applicable in this case, the court would be hard pressed to disagree with the reasoning of the courts which have rejected this regulation as an invalid attempt by the Department of Labor to extend FMLA coverage to employees who would not otherwise be eligible. Though the court cannot deny the facial appeal of an argument which advocates estopping an employer from retracting an eligibility determination it erroneously made—since it, not the employee, is in the best position to know whether it and its employees meet the prerequisites for FMLA coverage—the court cannot overlook the factors necessary to apply the "uniquely judicial remedy," *Wolke,* 954 F.Supp. at 1137, of estoppel. Elementary to the application of estoppel is a finding that plaintiff detrimentally relied on defendant's determination that she was entitled to FMLA leave. There is absolutely no evidence before the court that plaintiff, who requested leave for the birth of her child, would not have taken leave even if defendant had denied her application for FMLA leave. Consequently, defendant is not estopped from reversing its eligibility determination. Accordingly, the court can reach but one conclusion-plaintiff was not an "eligible employee" under the FMLA, and she was

therefore afforded no coverage under that Act. That being said, plaintiff's FMLA claim for retaliation and for failure to return her to the same or an equivalent position must fall. Defendant's motion for summary judgment is therefore granted.