**In re The CARRIAGE, HOUSE, INC., Debtor,**

**In re James J. GABELHART and Ruth S. Gabelhart, Debtors,**

**In re Mark F. GABELHART and Martha S. Gabelhart, Debtors.**

**H. Arthur LOUX and Nancy S. Loux**

**v.**

**James J. GABELHART, Ruth S. Gabelhart, James J. Gabelhart, Trustee of C & H Associates, First National Bank of Vermont, General Electric Capital Corp., and The Carriage House, Inc.**

**John R. Canney, III, Trustee for the bankruptcy estate of James J. Gabelhart and Ruth S. Gabelhart, Appellants.**

**Civ. A. No. 91–CV–364.**

United States District Court, D. Vermont.

July 14, 1992.

---

John R. Canney, III and Phyllis McCoy, Hull, Webber, Reis & Canney, Rutland, Vt., for appellants.

Robert P. Gerety, Jr., Plante, Hanley & Gerety, P.C., White River Jct., Vt., for H. Arthur Loux and Nancy S. Loux.

Edward Zuccaro and Judith Salamandra–Corso, for First Nat. Bank of Vermont.

## OPINION AND ORDER

COFFRIN, Senior District Judge.

On October 1, 1990, United States Bankruptcy Judge Francis G. Conrad filed a Memorandum of Decision regarding whether certain real property located in Windsor County, Vermont (the Carriage House Property) was property of the debtors', James Gabelhart and Ruth Gabelhart's, estate. *In re Carriage House, Inc.,* 120 B.R. 754 (Bankr.D.Vt.1990). For the following reasons, the judgment of Judge Conrad is AFFIRMED.

## PROCEDURAL BACKGROUND

The Bankruptcy Trustee, John Canney, has appealed United States Bankruptcy Judge Conrad's findings regarding the status of the Carriage House Property. The appellees are Arthur Loux and Nancy Loux (the Louxes), who hold a mortgage on the Carriage House Property, and the First National Bank of Vermont (the First National Bank).

■ The appeal was docketed in this Court on November 19, 1991, and on December 5, 1991, the Bankruptcy Trustee filed the Appellant's Brief and the next day the Printed Case.[1] The Louxes filed their Appellee's Brief on December 20, 1991. First National Bank of Vermont filed its Appellee's Brief on December 23, 1991, and the Bankruptcy Trustee filed his Reply Brief on December 30, 1991.

## FACTUAL BACKGROUND

On May 1, 1987, James Gabelhart signed a long document styled as a Declaration of

---

1. Both the Appellant's Brief and Appellant's Printed Case technically should have been filed December 4, 1991, which would have been 15 days after the appeal was docketed. Bankruptcy Rule 8009. However, a late filing of a Brief is not a jurisdictional defect and we choose to consider these papers even though they were not timely filed.

Trust of C & H Associates (the "Declaration of Trust"). It appears that he did this because his accountant told him that setting up such a trust, which the accountant erroneously thought would qualify as a Real Estate Investment Trust under 26 U.S.C. § 856, would save him money on his federal income taxes. Judge Conrad analyzed the contents of the Declaration of Trust in detail, and found that it purports to set up a business trust.

Also on May 1, 1987, James Gabelhart purchased the Carriage House Property from the Louxes. The Louxes gave a Warranty Deed to Gabelhart, and Gabelhart gave a Mortgage Deed to the Louxes. Gabelhart was identified in both deeds as "James Gabelhart, trustee." Both deeds were recorded in the Windsor town clerk's office, but the Declaration of Trust was not. At present, the holders of the beneficial interests in the C & H Associates Trust are James Gabelhart and his wife, Ruth Gabelhart.

The Louxes assigned the Mortgage Deed to First National Bank as security for a loan. Thereafter, the Louxes paid off that loan, and requested the return of the Mortgage Deed. Because he failed to realize that the mortgage from Gabelhart to the Louxes had not been paid off, Carroll Cooley, a First National Bank manager, inappropriately noted on the Mortgage Deed that the debt had been paid in full and the mortgage discharged. Donna Simonds, an assistant bank manager, also executed the mortgage discharge as a witness. The facts indicate that neither Cooley nor Simonds saw the other actually sign the discharge. The discharge was duly recorded in the town clerk's office.

Realizing its mistake, First National Bank subsequently attempted to cancel the discharge on October 24, 1988. However, on August 1, 1988, James and Ruth Gabelhart had filed a joint Chapter 11 petition. Carriage House, Inc., the corporation using the Carriage House Property, had also filed for Chapter 11 protection. On February 2, 1990, these filings were converted to filings under Chapter 7. The C & H Associates Trust has not filed for bankruptcy.

## DISCUSSION

### I. *Issues on Appeal*

Bankruptcy Rule 8006 provides that "the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." The appellant here presented one statement of the issues on appeal with his notice of appeal and designation of the items in the record on appeal (the "First Statement"), and a different statement of the issues as part of his brief (the "Second Statement"). The First Statement reads as follows:

1. Did the Bankruptcy Court err in holding that property described in Book 87 at Pages 193–194 of the land records of the Town of Windsor, Vermont was not property of the bankruptcy estate of James J. Gabelhart, Ruth S. Gabelhart, Mark F. Gabelhart and/or Martha E. Gabelhart?

2. Did the Bankruptcy Court err in holding that James J. Gabelhart holds title to the above referenced property solely in his fiduciary capacity as a trustee of C & H Associates, an entity other than the debtor?

3. Did the Bankruptcy Court err in holding that the Declaration of Trust executed by James J. Gabelhart created a valid Vermont common law business trust or a private trust?

Record on Appeal filed by appellant with the Bankruptcy Court on November 5, 1991.

By contrast, the Second Statement reads:

1. Did the bankruptcy court err in holding that the Declaration of Trust of C & H Associates created a valid and nonvoidable Vermont Law Business trust, or, in the alternative, a private trust?

2. Did the bankruptcy court err in holding that the real estate and building located in Windsor, Vermont at which the Carriage House, Inc. did business was not property of the bankruptcy estate of James J. or Ruth S. Gabelhart as James

J. Gabelhart holds title to the property solely in his fiduciary capacity as a trustee of C & H Associates?

3. Did the bankruptcy court err in not addressing the mortgage discharge issue?

Brief of Appellant filed December 5, 1991, page 1.

Bankruptcy Rule 8006 states that the issues of the appeal are those presented with the record on appeal, which in this case would be the First Statement. It is unclear whether an appellant should be permitted to amend his or her statement of the issues of the appeal in his Brief. However, the appellees have raised no objection to appellant amending his statement of the issues. Furthermore, since the issues in the Second Statement were briefed in the appeal, it is more convenient to address the issues in this format.

## II. *Merits of the Bankruptcy Trustee's Appeal.*

United States District Courts must affirm Bankruptcy Courts' findings of fact unless such findings of fact are clearly erroneous. Conclusions of law, however, are reviewed de novo. Bankruptcy Rule 8013. Judge Conrad found that the Carriage House Property was the res of the C & H Associates Trust. He further found that the C & H Associates Trust was a valid common law business trust or, in the alternative, a private trust, and that James Gabelhart was the sole trustee of this trust. He therefore determined that any power exercisable by James Gabelhart solely as trustee of the C & H Associates Trust could not bring the res of the trust into the property of James Gabelhart's estate on account of 11 U.S.C. § 541(b)(1).[2]

The Bankruptcy Trustee first disputes that a valid trust was created. He next disputes that James Gabelhart held the trust solely in his fiduciary capacity as trustee. Finally he argues the Bankruptcy Court erred in not discussing the mortgage discharge issue. On appeal, we address these three issues in turn.

## A. Was the C & H Associates Trust a Valid Business or Private Trust?

On appeal, the Bankruptcy Trustee disputes Judge Conrad's holding that the Declaration of Trust created a valid Vermont business trust, or, in the alternative, a valid Vermont private trust. The issue of whether a business trust or private trust was created is relevant to this bankruptcy proceeding for the following, very limited reason. 11 U.S.C. section 541(a)(1) includes in a bankruptcy debtor's estate "except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." However, subsection (b)(1) exempts from the property of a debtor's estate "any power that the debtor may exercise solely for the benefit of an entity other than the debtor." 11 U.S.C. § 541(b)(1). If the Declaration of Trust created an "entity," (which entity is hereafter referred to as the C & H Associates Trust,) then any power James Gabelhart exercised solely for the benefit of that "entity" would not be property of his bankruptcy estate. In particular, since the Carriage House Property was found to be the res of the C & H Associates Trust, any power James Gabelhart had over the Carriage House Property, if exercised solely on behalf of the C & H Associates Trust, would not cause the Carriage House Property to be part of Gabelhart's bankruptcy estate.

The Bankruptcy Code states that the term " 'entity' includes person, estate, trust, governmental unit, and United States Trustee ..." 11 U.S.C. § 101(15). The term " 'person' includes individual, partnership, and corporation, but does not include governmental unit ..." 11 U.S.C. § 101(41). Finally, the term "corporation" includes "business trusts, joint stock associations, and unincorporated associations." 11 U.S.C. § 101(8). We know from *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), to look to state law to ascertain property rights (or, in other words, to determine what sort of "entity,"

---

**2.** Judge Conrad's analysis of this issue will be       further discussed below.

if any, would be created under state law based on the facts). Therefore, the issue before us is whether, under Vermont law, the C & H Associates Trust, through its Declaration of Trust or otherwise, is an entity as defined above.

■ First, Judge Conrad found that the Declaration of Trust was a valid, signed expression of James Gabelhart's intentions. This finding was not clearly erroneous. There is evidence that James Gabelhart only signed the document on the advice of his accountant, because he thought it would save him taxes.[3] However, James Gabelhart did intend that the writing would bind him, and that it would be legally effective, at least for tax purposes.

The legal issue which arises after the determination that the Declaration of Trust was a legally effective document is whether the Declaration of Trust created an "entity." Vermont caselaw gives little guidance on whether Vermont would recognize common law business trusts, and Vermont statutes give no guidance as to whether it is possible to create statutory business trusts in Vermont.

Judge Conrad conducted a lengthy analysis of whether or not the Declaration of Trust created a business trust, and then noted that even if the Declaration of Trust did not create a business trust, it still created a private trust. The Bankruptcy Trustee disputes that a business trust was created. However, given the existence of the Declaration of Trust purporting to create a business trust, the question remains as to what, if anything, was created even if a business trust was not.

At least one case in a jurisdiction where business trusts are regulated by statute decided that when there had been an attempt to create a business trust, but statutory conditions were not fulfilled, a private trust was created instead. *Limouze v. M.M. & P. Maritime Advancement, Training Education and Safety Program*, 397 F.Supp. 784, 788–89 (D.Md.1975). In fact, the Bankruptcy Trustee relies on *Limouze*

for the proposition that no business trust was created. However, the argument of the Bankruptcy Trustee does not advance his position, since a private trust is also an entity under the Bankruptcy Code.

Cases decided in jurisdictions where business trusts have not been regulated by statute but rather by the common law also have found that imperfect attempts to create business trusts still result in the creation of some sort of "entity" as defined by the Bankruptcy Code. In *Williams v. Milton*, 215 Mass. 1, 102 N.E. 355 (1913), the Massachusetts Supreme Court, deciding the case under the common law of Massachusetts as it existed at that time, determined that where there had been an attempt to create a business trust that failed because the shareholders had too much power over the trustee's duties, the entity which was created was an unincorporated association with partnership liability for the shareholders.

In *Kadota Fig Ass'n of Producers v. Case–Swayne Co.*, 73 Cal.App.2d 796, 167 P.2d 518 (1946), the California District Court of Appeal noted that it was a settled rule under California common law that unincorporated associations attempting to be designated business trusts would be considered either business trusts or partnerships. In *Shaw v. Cousins Mortg. & Equity Invest.*, 142 Ga.App. 773, 236 S.E.2d 919 (1977), a Georgia court found that a declaration of trust purporting to create a business trust instead created a partnership where common law requirements for creating a business trust had not been met. No doubt under the appropriate circumstances, an imperfect attempt to create a business trust could result in the creation of a private trust at common law as well. *See In re Woodsville Realty Trust*, 120 B.R. 2 (Bankr.D.N.H.1990) (would-be business trust found to be a family trust). Finally, in states that expressly do not recognize business trusts at common law, declarations of trust purporting to create business trusts are deemed to create partnerships.

---

**3.** In this, Gabelhart was attempting to create a Real Estate Investment Trust under 26 U.S.C. § 856. Judge Conrad found at trial that the C & H Associates Trust failed to qualify under this statute as a Real Estate Investment Trust.

*Maddox v. Flato,* 423 S.W.2d 371 (Tex.Civ. App.1967) (analyzing Texas law in that state before business trusts were regulated by statute).

However, as noted above, private trusts, partnerships, and unincorporated associations as well as business trusts are *all* considered entities under the Bankruptcy Code. Since Judge Conrad found that the Declaration of Trust was validly executed and not void for public policy or other reasons, it created *something.* This something was unquestionably an "entity," for the purposes of the Bankruptcy Code, unless it was void for some other, technical reason.

If the entity created was in fact a trust and not a partnership or unincorporated association, there are two further technical requirements which it must satisfy under Vermont trust law. First, since the res of the trust was real property, the trust must be in writing. 27 V.S.A. § 303. Clearly the Declaration of Trust satisfies this requirement. Second, if there was an identity of persons between the trustees and the beneficiaries, the trust would have been extinguished under the doctrine of merger.

■ Judge Conrad found that only James Gabelhart was a trustee, whereas the holders of the beneficial interests were both James Gabelhart and Ruth Gabelhart. 120 B.R. at 765. There is factual support for this finding in the record, and this finding was not clearly erroneous. Under Vermont law, as Judge Conrad found, a trust is not merged where the trustee is merely one of the cestuis que trustent. 120 B.R. at 766 (citing *Noyes v. Noyes,* 110 Vt. 511, 9 A.2d 123 (1939)). Therefore, the doctrine of merger is inapplicable to the present case, and cannot cause the trust to be extinguished.

Since it is clear that in any event the Declaration of Trust created an entity, the Bankruptcy Trustee's first issue on appeal must be decided against him: the C & H Associates Trust was either a business trust, a private trust, or some other entity as that word is defined in the Bankruptcy Code.

B. In what capacity did James Gabelhart hold the Carriage House Property?

The Bankruptcy Trustee next disputes Judge Conrad's finding that the real property was held by James Gabelhart solely in his capacity as trustee of the C & H Associates Trust. The Bankruptcy Trustee looks at the Warranty Deed which says the Carriage House Property passes to "James Gabelhart, trustee" and argues that the word "trustee" as there used is mere surplusage, and does not designate the capacity in which Gabelhart held the Carriage House Property. While Vermont courts have held that the notation "trustee" is mere surplusage for the limited purpose of determining whether a bona fide purchaser for value would have constructive notice that a certain property was held by a trust as opposed to the trustee in his personal capacity, *Straw v. Mower,* 99 Vt. 56, 61, 130 A. 687 (1921), that is not the question decided by Judge Conrad. Instead, Judge Conrad analyzed whether the parties intended that James Gabelhart take title to the property as trustee for the C & H Associates Trust.

■ Having reviewed the testimony and stipulated facts from the trial, we find that Judge Conrad was not clearly erroneous in his finding that James Gabelhart was acting solely in his capacity as trustee of the C & H Associates Trust when purchasing the Carriage House Property. Gabelhart did, after all, sign the warranty deed as "trustee" on the same day that he attempted to create the C & H Associates Trust. Clearly the C & H Associates Trust was in his and the Louxes' minds when the deeds were signed and title passed.

C. Was it proper for Judge Conrad not to decide the mortgage discharge issue?

Since the time that Judge Conrad decided the Carriage House Property was not property of the estate, a state court with proper jurisdiction has determined the mortgage discharge issue. It found the Louxes' mortgage on the Carriage House Property

was not effectively discharged by the purported discharge language, because the discharge language had not been properly witnessed. *First National Bank of Vermont v. Loux,* Windsor Superior Court Docket No. S436–88 WrC, filed October 9, 1991.

Our analysis of the issues presented on appeal leads us to the conclusion that, at least under sections 541(a)(1) and 541(b)(1), the Carriage House Property is not property of the bankruptcy estate. Since it is not, there was no reason for Judge Conrad to decide the mortgage discharge issue, and his decision not to determine this issue was proper.

■ However, from the stipulated facts on the record, it is clear that under Vermont law, had Judge Conrad reached the issue, he would have reached the same conclusion that was reached in Vermont Superior Court, namely that the mortgage was never discharged. Title 27, Section 463 of Vermont Statutes Annotated, governing the discharge of mortgages, requires that a discharge be signed in the presence of one or more witnesses and be acknowledged. While two persons, Cooley and Simonds, signed the mortgage discharge on the face of the mortgage, neither of them signed in the presence of each other or any other person, and therefore, the discharge was ineffective because it was not signed in the presence of one or more witnesses. In such a circumstance, the mortgage is, under the plain language of the statute, still in force.

## CONCLUSION

Having considered the issues brought before us on appeal, and for the foregoing reasons given, the opinion of Judge Conrad is hereby AFFIRMED.