**In re SIGNAL HILL–LIBERIA AVENUE LIMITED PARTNERSHIP, Debtor.**

**In re John F. McMahon, Jr. and Catherine W. McMahon, Debtors.**

**Bankruptcy No. 92–10843–AT.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Dec. 11, 1995.

Wendelin I. Lipp, Alan D. Eisler, Bethesda, Maryland.

John J. Czyzewski, Vienna, Virginia.

Robert O. Tyler, Trustee, Tyler, Bartl, Burke & Albert, Alexandria, VA.

A. Conrad Austin, Trustee, Rockville, Maryland.

Janet M. Nesse, Riley & Artabane, Washington, D.C.

W. Clarkson McDow, Jr., Office of U.S. Trustee, Alexandria, VA.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held on September 20, 1995, on the objection of Alan and Janet Nash to the notice of sale by the debtors' trustees in bankruptcy to sell real property. For the reasons stated in this memorandum opinion the Nashes' objection is sustained, and approval of the proposed sale is denied.

### Findings of Fact

Debtors, John F. McMahon, Jr., and his wife Catherine W. McMahon, filed a Chapter 11 petition on January 31, 1992. John McMahon is a general partner of the debtor, Signal Hill Liberia Avenue Limited Partnership (Signal Hill A), a limited partnership whose sole asset is 39.1764 acres of real estate located in Prince William County, Virginia (the Signal Hill A property). Signal Hill A filed a chapter 11 petition on February 21, 1992, and the case was consolidated with the McMahons' individual case. A trustee was appointed in each case, Robert O. Tyler for the McMahons' estate and A. Conrad Austin for Signal Hill A. The cases were later unconsolidated pursuant to the McMahons' second amended plan of reorganization which was confirmed on June 7, 1995.

Adjacent to the Signal Hill A property lies a wedge-shaped four acre parcel (the Signal Hill B property). This parcel, originally owned by Signal Hill A, was conveyed by John McMahon in his capacity as general partner of Signal A to himself as trustee for a second limited partnership, Signal Hill Liberia Avenue Limited Partnership "B" (Signal Hill B). Signal Hill B is a limited partnership in which John McMahon is a 23.5% general partner and a 59.5% limited partner.

Both the Signal Hill A property and the Signal Hill B property are encumbered. Alan W. Nash, Janet R. Nash and Mary Day hold a first deed of trust on the properties which secures a promissory note in the principal amount of $900,000.00. On September 20, 1995, the balance due on this note was $1,260,000.00. A second deed of trust on the properties is held by Gemeni Organization Ltd., an entity controlled by the Nash family. This deed of trust secures a note in the principal amount of $575,000.00 with $1,437,500.00 due under the note on September 20, 1995. The properties are also encumbered by prepetition and postpetition tax liens in the approximate amount of $300,000.00.

■ On July 19, 1995, both trustees entered into a contract with Sheetz, Inc., to sell a four acre parcel of land for $848,000.00. The parcel is comprised of land from both the Signal Hill A property and the Signal Hill B property. On August 15, 1995, trustee Austin noticed the sale to all creditors and parties in interest. Trustee Tyler joined in the notice of sale on August 21, 1995.[1] The Nashes objected to the sale on August 25, 1995, and an evidentiary hearing was held on September 20, 1995.

### Position of the Parties

Trustee Austin argues that title to the Signal Hill B property is held solely by John F. McMahon, Jr., and that the alleged trust in favor of Signal Hill B is a sham. Since John McMahon has title to the Signal Hill B property, Robert Tyler, as chapter 11 trustee for the McMahons, is empowered to sell the property. Trustee Austin further argues that the sale should be allowed because it complies with 11 U.S.C. § 363(f)(3) in that the purchase price provided for in the Sheetz contract for the four acre parcel exceeds the

---

1. Neither trustee has filed a motion to sell the property under 11 U.S.C. § 363. A provision in the McMahons' second amended plan of reorganization states that all future sales of equity property of the debtor will be noticed to all creditors who will then be given 20 days to object. In the absence of an objection, or if the objection is overruled, the order confirming the second plan of reorganization is to act as an order approving the sale free and clear of liens. *See Order Confirming Second Amended Plan of Reorganization* *Proposed by Catherine W. McMahon and Robert O. Tyler, Chapter 11 Trustee,* ¶ 6.4. No such provision governs in the Signal Hill A case, however. Because trustee Austin filed the notice of sale in the Signal Hill A case, it would appear that a motion to sell property free and clear of liens is required. *See* Fed.R.Bankr.P. 6004(c). The court will overlook this procedural defect and treat the notice of sale as a motion pursuant to § 363(f).

proportional value of the aggregate liens on the property. In the alternative, should this court find that Signal Hill B is the beneficial owner of the Signal Hill B property, trustee Austin argues that the sale to Sheetz, Inc., is actually a sale of John McMahon's partnership interest in Signal Hill B and therefore authorized under settled law.

The Nashes argue that a valid trust was created when John McMahon transferred the Signal Hill B property to "John F. McMahon, Jr., Trustee." Because Signal Hill B, a nondebtor, is the beneficial owner of the Signal Hill B property, the trustees lack authority to sell the property.

### Discussion and Conclusions of Law

■ Before determining whether the trustees have authority to sell the Signal Hill B property, the court must first determine whether a valid trust was created when Signal Hill A conveyed the Signal Hill B property to John McMahon. Both sides agree that no trust document exists in this case. In Virginia, it is well settled that an express trust in land may be oral. *See Gibbens v. Hardin,* 239 Va. 425, 389 S.E.2d 478, 481 (1990); *Robinette v. Robinette,* 4 Va.App. 123, 354 S.E.2d 808, 810 (1987); *Peal v. Luther,* 199 Va. 35, 97 S.E.2d 668, 669–70 (1957). In order to establish an oral trust, however, "the declaration must be unequivocal and explicit, and the evidence thereof must be clear and convincing." *Brame v. Read,* 136 Va. 219, 118 S.E. 117, 118 (1923).

■ John McMahon testified that he purchased the Signal Hill B property from Signal Hill A and placed title to the property in the name of "John F. McMahon, Jr., Trustee." He stated that the beneficiary under the trust was Signal Hill B, a limited partnership comprised of the Signal Hill A partners and formed for the sole purpose of owning the Signal Hill B property.[2] This testimony was uncontradicted. In addition, although trustee Austin argues that no Signal Hill B partnership agreement exists, he concedes that a certificate of limited partnership for Signal Hill B was filed in the land records of Fairfax County, Virginia, on May

1, 1979. The court finds this evidence clear and convincing that an express trust was created in favor of Signal Hill B. Accordingly, the court finds that title to the Signal Hill B property is held by "John F. McMahon, Jr., Trustee" and that Signal Hill B is the beneficial owner of the Signal Hill B four acre parcel.

■ Our court of appeals has made it clear that when a debtor owns property in the capacity of a trustee, the corpus of the trust is not part of the debtor's estate. *Mid–Atlantic Supply, Inc. of Va. v. Three Rivers Aluminum Co. (In re Mid–Atlantic Supply Co.),* 790 F.2d 1121, 1124 (4th Cir.1986). The court based this holding on its interpretation of 11 U.S.C. § 541. Section 541(a) includes as property of the estate any property in which the debtor has a legal or equitable interest. Section 541(d) then qualifies § 541(a), stating that when a debtor has only legal title over property, the property becomes property of the estate only to the extent of the legal title and any equitable interest is not included. Thus, when a debtor holds property as a trustee, "the sole permissible administrative act of the trustee or debtor-in-possession is to pay over or endorse over the property to the beneficiary or beneficiaries." *In re Mid–Atlantic Supply Co.,* 790 F.2d at 1126.

■ Equitable title of the Signal Hill B property is held by Signal Hill B, a nondebtor in this case. Because John McMahon has only legal title to the property, it is clear that the Signal Hill B property is not part of the McMahons' estate. As such, trustee Tyler has no authority to sell the property free and clear of liens pursuant to 11 U.S.C. § 363(f). Section 363(f) conditionally authorizes a trustee to sell property under §§ 363(b) or (c) free and clear of any interest in the property. Section 363(b) states that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, *property of the estate,*" 11 U.S.C. § 363(b)(1) (emphasis added), while § 363(c) states that "... the trustee may enter into transactions, including the sale or

---

**2.** The Signal Hill B property is strategically located so that development of the larger Signal Hill A property relies greatly on the development of the smaller Signal Hill B property.

lease of *property of the estate*, in the ordinary course of business, without notice or a hearing." 11 U.S.C. § 363(c)(1) (emphasis added). Therefore, sales of property under § 363(f) are limited to sales of property of the estate. *See Connolly v. Nuthatch Hill Assocs. (In re Manning)*, 831 F.2d 205, 207 (10th Cir.1987). Because the Signal Hill B property is not property of the McMahons' estate, trustee Tyler lacks authority to sell the property.

 Trustee Austin goes on to argue that even if the court determines that Signal Hill B is the beneficial owner of the Signal Hill B property, trustee Tyler is authorized to sell the property because the sale, for all essential purposes, constitutes a sale of John McMahon's partnership interest in Signal Hill B. The court fully agrees with trustee Austin's underlying legal assertion that an individual debtor's partnership interest becomes part of the debtor's estate. *See In re Antonelli*, 148 B.R. 443, 446 (D.Md.1992), *aff'd*, 4 F.3d 984 (4th Cir.1993); *Magers v. Thomas (In re Vannoy)*, 176 B.R. 758, 770 (Bankr.M.D.N.C.1994). Equally certain, however, is the premise that partnership property does not become property of an individual partner's bankruptcy estate. *See In re Manning*, 831 F.2d at 207; *In re Vannoy*, 176 B.R. at 770. This is based on the fact that individual partners have only an indirect ownership interest in partnership property.[3]

 Though the court agrees with trustee Austin's legal conclusions concerning the sale of a debtor's partnership interest, the court strongly disagrees with his characterization that the contract for sale of the Signal Hill B property is an attempt to sell John McMahon's partnership interest in Signal Hill B. Trustee Austin's notice of sale[4] states "the ... [t]rustee has entered into a contract of sale for a portion of the real property owned by this estate." The notice goes on to describe the real property to be sold as "two approximately 81,000 square foot pad sites and two approximately 8100

square foot strips abutting the property and comprising approximately 195,000 square feet." Nowhere does the notice state that the trustee is selling Mr. McMahon's partnership interest in Signal Hill B; the Signal Hill B partnership is not even mentioned. The court interprets the notice as clearly indicating a sale of real property of the debtor's estate. Because the parcel to be sold includes part of the Signal Hill B property which is not a part of the debtor's estate nor part of the McMahons' estate, neither trustee is authorized to sell the property.

The court finds no distinction between this case and others in which a trustee has sought court approval to sell real property owned by a partnership and not by the individual partner that had filed bankruptcy. *See In re Manning*, 831 F.2d at 206–07; *In re Funneman*, 155 B.R. 197, 198–99 (Bankr.S.D.Ill. 1993). Both courts consistently reasoned that the real property in question was not property of the estate and therefore was not subject to sale by the chapter 7 trustee under § 363(f). *In re Manning*, 831 F.2d at 207; *In re Funneman*, 155 B.R. at 200 (holding not only that trustee lacked authorization under § 363(f) but also that bankruptcy court lacked subject matter jurisdiction to approve a sale of nonestate property); *see also Rodeck v. Olszewski (In re Olszewski)*, 124 B.R. 743, 746 (Bankr.S.D.Ohio 1991).

In summary, the court finds that Signal Hill B is the beneficial owner of the Signal Hill B property. Because the property is not property of either the McMahon estate or the Signal Hill A estate, neither trustee is authorized to sell the property. Accordingly the Nashes' objection must be sustained and the proposed sale denied. A separate order has been entered.

---

3. In Virginia, partners own partnership property as tenants in partnership. Va.Code Ann. § 50–25A (Michie 1994).

4. The court is unable to find a copy of the contract for sale in the case file.