Susan **SEAMAN**

v.

**DOWNTOWN PARTNERSHIP OF BALTIMORE, INC.**

**Civ.A.No. CCB-97-3193.**

United States District Court,
D. Maryland.

Jan. 20, 1998.

Reconsideration Denied Feb. 2, 1998.

---

Steven G. Warm, P.A., Baltimore, MD, for Plaintiff.

## MEMORANDUM

BLAKE, District Judge.

Susan Seaman has sued Downtown Partnership of Baltimore, Inc. ("Downtown Partnership" or "Partnership") for discharging her in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.A. §§ 2601–2654 (Supp.1997). Now pending is Downtown Partnership's motion to dismiss, which will be granted.[1]

## BACKGROUND

Ms. Seaman worked as a consultant to Downtown Partnership from August 1995 until she became a full-time employee on November 6, 1995. She was hired to fill a new position, Director of Retail Leasing. On or about November 17, 1995 she informed

Downtown Partnership president Laurie Schwartz that she was pregnant. Ms. Seaman subsequently submitted a "Downtown Partnership FMLA Leave Request Form" dated April 12, 1996, requesting leave for the birth of her child beginning April 22, 1996. Ms. Schwartz on behalf of the Partnership signed and returned to Ms. Seaman a "Downtown Partnership Response to FMLA Leave Request" dated April 19, 1996. That form contained three options: (1) leave request denied, (2) leave request granted but not charged against the employee's FMLA entitlement, and (3) leave request granted and charged against the employee's FMLA entitlement. Option three was checked. That option additionally stated: "Employee please see attached Notice to Employee Regarding FMLA Leave." This attached Notice stated: "Your request for Leave beginning April 22, 1996 and returning to work July 15, 1996 has been granted and the leave will be charged against your FMLA leave entitlement." Also included, however, was the Partnership's FMLA Leave Policy, which stated that "[t]o be eligible for FMLA leave, an employee must have been employed by [Downtown Partnership] for at least 12 months and have been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave." (Ex. 2, Pl.'s Opp. Mot. Dismiss.) Ms. Seaman commenced her leave April 22, 1996, and telephoned Ms. Schwartz on May 22, 1996 to report her status and intent to return to work. Ms. Schwartz told her that her position was in jeopardy, and on or about June 20, 1996 told Ms. Seaman that her position had been eliminated and she would not be permitted to return to work.

## ANALYSIS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). When ruling on a 12(b)(6) motion,

1. Ms. Seaman's motion to file surreply also will be granted. Further, the Secretary of Labor was permitted to file a brief as amicus curiae.

the court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's factual allegations, as well as all reasonable inferences therefrom, as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993); *Martin*, 980 F.2d at 952; *Westray v. Porthole, Inc.*, 586 F.Supp. 834, 836 (D.Md.1984). Consequently, a motion to dismiss under Rule 12(b)(6) may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989).

Only "eligible employee[s]" are entitled to leave under the FMLA. 29 U.S.C.A. § 2612(a)(1).

> The term "eligible employee" means an employee who has been employed—(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12–month period.

29 U.S.C.A. § 2611(2)(A). Ms. Seaman's complaint shows that she was not an "eligible employee" under the FMLA, because she had been employed for less than six months, rather than the required twelve. She argues instead that an implementing Department of Labor Regulation mandates that the Partnership be bound by its alleged confirmation of her eligibility for FMLA leave. That regulation provides in relevant part:

> The determinations of whether an employee has worked for the employer for at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date leave commences. If an employee notifies the employer of need for FMLA leave before the employee meets these eligibility criteria, the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would

commence or must advise the employee when the eligibility requirement is met. *If the employer confirms eligibility at the time the notice for leave is received, the employer may not subsequently challenge the employee's eligibility.*

29 C.F.R. § 825.110(d) (emphasis supplied). Thus, "[b]y forbidding an employer [who had confirmed an employee's eligibility] from asserting a legal impediment to an employee's claim, the regulation essentially orders courts to estop the employer from asserting an employee's ineligibility." *Wolke v. Dreadnought Marine, Inc.*, 954 F.Supp. 1133, 1137 (E.D.Va.1997).

The Partnership presents two challenges to Ms. Seaman's "estoppel" claim.[2] First, it contends that under the terms of the regulation, the Partnership never "confirm[ed the] eligibility" of Ms. Seaman under FMLA, 29 C.F.R. § 825.110(d), but merely granted her leave request subject to her entitlement. "[T]he forms simply conveyed to [Ms. Seaman] that *if she was entitled to FMLA leave*, the leave she had been granted would be charged against her FMLA entitlement." (Def.'s Reply at 7, emphasis in original.) Ms. Seaman argues that by checking the option on its Response form, "Leave Request granted," the Partnership "confirmed" her eligibility under the FMLA, notwithstanding the direction on that same form: "Employee please see attached Notice to Employee Regarding FMLA Leave," which explained FMLA eligibility requirements. "Whatever other materials the [Partnership] may have given to [Ms. Seaman], including materials that recited the general eligibility requirements of the FMLA, [Ms. Seaman] could not and should not be expected to second-guess the employer's intention to extend FMLA leave when there is an express written undertaking by the employer to do so." (Pl.'s Surreply at 3.) While there is some support for each party's position, the FMLA forms are ambiguous. Whether the Partnership actually "confirmed" Ms. Seaman's eligibility under the regulation cannot be determined solely by examination of the FMLA leave documents.[3] Therefore, the motion to dismiss would not be granted on this ground.

---

**2.** Ms. Seaman did not allege estoppel or promissory estoppel claims under state law.

**3.** Even if the FMLA forms were clear, another part of the same regulation provides that "[i]f the

The Partnership's second challenge is to the regulation itself, claiming that it is invalid because contrary to the authority granted by Congress to the Department of Labor, which promulgated the regulation. Under step one of the now-familiar *Chevron* analysis, a reviewing court must determine "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Resources Defense,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984); *see also id.* at 843 n. 9, 104 S.Ct. at 2781 n. 9 ("The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent."); *I.N.S. v. Cardoza–Fonseca,* 480 U.S. 421, 446, 107 S.Ct. 1207, 1221, 94 L.Ed.2d 434 (1987) (employing "traditional tools of statutory construction" to determine Congress' intent). Here it is plain that to be an "eligible employee," one must have worked for at least 12 months, and for 1,250 hours in the preceding twelve month period. 29 U.S.C.A. § 2611(2)(A). Nothing in this statutory provision or the Act in which it is contained indicates that the agency has the power to require employers to waive this eligibility requirement, which is essentially a rewriting of the statute. As the court in *Wolke* has persuasively analyzed this precise question at length, no further discussion is deemed necessary here. *See Wolke,* 954 F.Supp. at 1134–38; *id.* at 1137 ("find[ing] that 29

C.F.R. § 825.110 directly contradicts Congress's expressed intent regarding employee eligibility under the FMLA"); *see also Rich v. Delta Air Lines,* 921 F.Supp. 767, 774 (N.D.Ga.1996) (reasoning that Department of Labor regulation intended to alter FMLA employee eligibility requirements would be invalid).[4] While the regulation's purpose may be good policy, it is for elected representatives in Congress to amend the eligibility requirements they have established, and not the Department of Labor.

cases, however, provides support for the regulation's validity. *See Jessie v. Carter Health Care Center, Inc.,* 926 F.Supp. 613, 617 (E.D.Ky.1996) (holding employer could not be estopped for failing to notify plaintiff of her eligibility where plaintiff never requested leave); *Robbins v. Bureau of Nat'l Affairs,* 896 F.Supp. 18, 22–23 (D.D.C.1995) (holding current version of regulation could not be applied retroactively); *Schlett v. Avco Fin. Serv., Inc.,* 950 F.Supp. 823, 835 (N.D.Ohio 1996) (holding same). While these courts did briefly discuss the potential application of the current version of the regulation, such dicta can in no way be interpreted as a holding on the regulation's validity, an issue addressed in none of these three cases.

---

employer fails to advise the employee whether the employee is eligible prior to the date the requested leave is to commence, the employee will be deemed eligible." 29 C.F.R. § 825.110(d). Under this provision the Partnership's mere failure to specifically tell Ms. Seaman that she was not eligible apparently would result in her "deemed" eligibility. *Id.* Moreover, while these would not be considered on a motion to dismiss, each party has submitted an affidavit regarding communications between Ms. Schwartz and Ms. Seaman, which conflict concerning whether Ms. Schwartz told Ms. Seaman she was eligible for FMLA leave. (Seaman Aff. ¶ 10, Pl.'s Opp., Ex. 1; Schwartz Aff. ¶¶ 7–8, Def.'s Reply, Ex. 1.)

4. Ms. Seaman argues that three cases have implicitly adopted the regulation. None of these