**In re John W. VEATCH, Debtors.**

**Gordon P. Peyton, Trustee, Plaintiff,**

**v.**

**First Citizens Corporation, et al., Defendants.**

**Bankruptcy No. 92–12765(AB).**

**Adversary No. 98–1453.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

April 14, 1999.

Timothy P. Branigan, Piper & Marbury, L.L.P., Washington, DC, for defendants.

George F. Trowbridge, Jr., Fairfax, VA, for trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

Today in this case which has a long and complicated history, we consider the defendants' motion to dismiss this adversary proceeding on two theories; first that the property at issue is not property of the estate; and second, that the statute of

limitations has run, thereby time barring the chapter 7 Trustee's claim. The underlying facts are as follows.

Debtor and his brother were land developers during the 1980's. Debtor, as trustee of a simple trust naming himself and his brother as beneficiaries, acquired 11.36 acres of land ("the property") from Glen and Sheila Ehrich on September 7, 1989. Debtor then obtained an acquisition and development loan from Citizens Savings Bank ("Citizens") by executing a note and deed of trust, listing the 11.36 acres and other real estate as security. The loan documents listed the property as owned by debtor individually and not in his capacity as trustee. Upon debtor's default, a foreclosure sale was held in February 1992 at which time the property was sold to a subsidiary of Citizens, First Citizens Corporation ("First Citizens").

Debtor's contract with the Ehrichs for the sale of the property was subject to litigation in Fairfax County Circuit Court and resulted in a settlement agreement. Pursuant to the settlement agreement of June 1989, the property was conveyed to debtor subject to a $125,000 deed of trust in the Ehrichs' favor and a $75,000 deed of trust in favor of JVI Builder's, Inc.[1]

### 1. The Bankruptcy Proceedings

Debtor filed his chapter 7 petition on June 3, 1992. He failed to list his one-half beneficial interest in the land trust holding the Ehrich property as an asset of the estate. As a result, the one-half beneficial interest was not administered in bankruptcy. Debtor's schedules also failed to list the creditors related to the property as creditors of the bankruptcy estate.

On December 17, 1993 following substantial litigation concerning the property, debtor executed, both individually and as trustee, a quitclaim deed to the property to First Citizens.[2] On December 12, 1995,

---

1. The Ehrich deed of trust was to take priority over JVI Builder's, Inc. as to the first $25,000 paid. The two obligations were to have equal priority for the remaining amounts.

2. After First Citizens acquired debtor's quitclaim deed, it contracted to sell the property

the Fairfax County Circuit Court deemed the February 1992 foreclosure sale to First Citizens a nullity in *JVI Builders, Inc. v. First Citizens Corp.*[3] The circuit court also found that the deed of trust to the property held by the Ehrichs was not sufficient,[4] in that it only listed debtor individually and not in his capacity as a trustee or as a one-half beneficial interest holder. The circuit court concluded that no valid deeds of trust encumbered debtor's property.[5]

Upon the debtor bringing the circuit court's ruling to the chapter 7 Trustee's attention, the chapter 7 Trustee moved to reopen the bankruptcy case to administer this asset. The Court reopened the case on January 3, 1997. The chapter 7 Trustee requested that notice be sent to all creditors and parties in interest; however, it only was sent to the chapter 7 Trustee, debtor and debtor's counsel.

On February 25, 1997, the chapter 7 Trustee filed a motion pursuant to Bankruptcy Rule 9019 for approval of a settlement agreement entered into with First American Title. The Court entered an order on April 2, 1997 granting the chapter 7 Trustee's motion. Pursuant to the agreement, the chapter 7 Trustee agreed not to pursue any potential avoidance actions it may have against the insureds of First American Title relating to the Fairfax County Circuit Court's December 12,

1995 ruling in *JVI Builders, Inc. v. First Citizens Corp.* in exchange for First American Title's payment of $40,000 to the bankruptcy estate. Effectively, the agreement released the chapter 7 Trustee's right to file avoidance claims arising out of the 1992 foreclosure of property in which debtor may have had an interest and arising out of the debtor's conveyance of the December 17, 1993 quitclaim deed.

Debtor objected and moved to vacate the order based on deficient notice. The Court ordered that additional notice be given to all creditors and parties in interest. A hearing was held on April 11, 1997, at which time the Court took the matter under advisement and continued it until May 20, 1997.[6] The Court denied debtor's motion to vacate the earlier order approving the settlement at the May 20th hearing. An order was entered to that effect on June 18, 1997.

### 2. The Appeal to the District Court

Debtor appealed the June 18th order to the district court. He asserted that the chapter 7 Trustee failed to give proper notice of the proceedings and that this deficiency nullified any proceedings undertaken by this Court. The district court found that this Court cured any defect in

---

to RAM Investing Corporation. During the contract period, Commonwealth Land Title Corporation issued a title insurance commitment, which required the alleged defect in title to be rectified and the issue regarding debtor's bankruptcy eliminated. Instead of complying with these requests, debtor alleges that First Citizens went to First American Title for a title commitment. That commitment ultimately became a title insurance policy. As a result, the property was developed into lots and 16 homes were built. Debtor claims the land and improvements are assessed at $6,400,000.

3. In 1995, JVI Builders, Inc. filed an action against First Citizens seeking enforcement of its rights under the 1989 settlement agreement with the Ehrichs and debtor.

4. However, the Ehrichs claim that the note was drawn properly to represent debtor's individual interest, as well as his interest as trustee.

5. First American Title insured title to the property and would therefore be liable in the event a transfer is avoided. As a result, it sought to settle any potential avoidance action with the chapter 7 Trustee.

6. The Court heard arguments on April 1, 1997. Debtor then filed a motion to vacate the Court's order due to deficient notice, which was heard on April 11th. The Court took the matter under advisement in order for the chapter 7 Trustee to re-issue notice and cure the deficiencies. The parties again came before the Court on May 20, 1997, at which time we declined to vacate the April 1st order approving the settlement.

notice by ordering the chapter 7 Trustee to re-issue notice.

Debtor also argued on appeal that this Court approved the chapter 7 Trustee's settlement with First American Title without the benefit of an evidentiary hearing on the merits of the agreement. Debtor argued further that his beneficial interest in the 11.36 acres became an asset of the bankruptcy estate as a result of the circuit court's decision to nullify the foreclosure sale. As to the quitclaim deed which debtor conveyed to First Citizens after his filing of the chapter 7 petition, debtor stated that it was also effectively nullified because debtor did not possess the authority to convey such a deed without seeking this Court's approval.

Debtor then argued that this Court should not have approved the value of the beneficial interest in the settlement. He claimed the Court approved a conversion of his case from chapter 7 to chapter 11 on a showing that the proceeding could lead to a payout to all creditors. The conversion and presumed payout would only result from the inclusion of the property as a more valuable asset than the $40,000 proposed by the chapter 7 Trustee's settlement.[7] The district court remanded the case on these issues.

### 3. Issues on Remand to this Court

The district court remanded the case because it could not determine whether this Court evaluated the merits of the settlement agreement between the chapter 7 Trustee and First American Title before approving it. This Court was instructed to take evidence as to the circumstances underlying the settlement agreement, which would warrant approval of a $40,000 settlement as in the best interest of the creditors and the bankruptcy estate. Additionally, the district court directed this Court to address whether the $40,000 settlement amount is appropriate, given that debtor's beneficial interest in the trust holding the property appeared to be worth on its face at least one-half of $1.6 million. The district court did not make a finding as to the value of debtor's beneficial interest, but stated that the disparity between the face value and the proposed settlement required explanation.

### 4. Determination After Remand

After a hearing on the remand was held, this Court determined that if a party agreed to pay the chapter 7 Trustee $40,-000 and represent the Trustee in an avoidance action the Court would vacate the settlement. After JVI Builder's, Inc. paid the chapter 7 Trustee $40,000 and counsel for the Ehrichs agreed to represent the chapter 7 Trustee in this adversary proceeding on a contingent fee basis, an order was entered vacating the settlement.

### 5. Motion to Dismiss Adversary Proceeding

The chapter 7 Trustee filed the instant adversary proceeding on December 4, 1998 against First Citizens and R.A.M. Investing, Ltd. ("the defendants") seeking to avoid the December 17, 1993 transfer of the quitclaim deed to First Citizens by Veatch as Trustee, Veatch individually and Rebecca Veatch. The defendants seek to dismiss the adversary proceeding on two bases. First, the defendants argue that the property at issue is not property of the estate. Second, the defendants argue that the statute of limitations under 11 U.S.C. § 549 has run time barring the claim. In response, the Trustee argues that the debtor's interest in the property both as the trustee and as a beneficiary come into the bankruptcy estate pursuant

---

7. The parties did not order the transcripts to the April 1st, 11th or May 20th, 1997 hearings. Upon reviewing the transcript, it is apparent that the Court was in fact concerned with this issue of the discrepancy in the $40,-000 offered and the assessed land value.

Though we did not take any evidence on this matter, the Court was satisfied with First American's assessment of the complicated issues creating obstacles in the chapter 7 Trustee's ability to ever realize a tangible asset for the estate's benefit.

to section 541. Additionally, the Trustee asserts alternative arguments that either the defendants violated the automatic stay by requesting the quitclaim deed or that equitable tolling applies to toll the 2 year statute of limitations under section 549.

## DISCUSSION

### 1. Standard for Dismissal—7012(b)(6)

■ In assessing the facts on a motion to dismiss, the court must view all facts in a light most favorable to the plaintiff and accept all pleaded facts as true. *Seaman v. Downtown Partnership of Baltimore, Inc.*, 991 F.Supp. 751, 752 (D.Md. 1998); *Flexi–Van Leasing, Inc. v. Perez (In re Perez)*, 173 B.R. 284, 293 (Bankr. E.D.N.Y.1994). A court should grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure only if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 328 (4th Cir.1996). In evaluating a motion to dismiss, the court should actively examine all of the facts alleged to determine whether any theory of recovery is possible and should not merely limit its inquiry to the claim as set forth by the plaintiff. *Mason v. Allen (In re Allen)*, 150 B.R. 21, 22 (Bankr.E.D.Va.1993) (Bonney, J.) (citing *Sculler v. Rosen*, 132 B.R. 679 (Bankr. E.D.N.Y.1991)). The Fourth Circuit has held that a motion to dismiss "should be denied 'unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.' " *Williams v. Commonwealth of Va.*, 1994 WL 897618, at * 2 (E.D.Va.1994) (quoting *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989)).

### 2. Property of the Estate

■ Relying on cases from other states, plaintiff argues that the debtor's interest in the property in his capacity as both trustee and beneficiary becomes property of the bankruptcy estate. However, it is settled that the debtor's interests in property are created under and defined by state law, and the Court must determine what property becomes property of the estate according to state law.[8] *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Virginia law provides that the trustee receives both the legal and equitable interest of the property transferred under a land trust and that the beneficiary receives no interest in the real property. *Air Power v. Thompson*, 244 Va. 534, 422 S.E.2d 768, 770 (1992) (finding that a creditor need not join land trust beneficiaries in an action to enforce its mechanic's lien against land trust realty); *Curtis v. Lee Land Trust*, 235 Va. 491, 369 S.E.2d 853, 854 (1988) (stating that with a land trust, "the complete title is vested in the trustee"). However, the beneficiary does hold a personal property interest in the rents, proceeds and profits from the property. *Id.* This is based on the unique nature of the land trust beneficiary's interest as provided in the statute which provides that "[i]n any

---

8. Section 541 governs whether property becomes property of the bankruptcy estate and provides:

(a)(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case;

(b)(2) Property of the estate does not include any power that the debtor may exercise solely for the benefit of an entity other than the debtor;

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

case under this section where there is a recorded deed of conveyance to a trustee, the interest of the beneficiaries thereunder shall be deemed to be personal property". VA.CODE ANN. § 55.17.1.

■ The defendant's properly assert that the debtor's interest in the land trust as a beneficiary was not altered and that the debtor retains an interest in the personalty. The debtor as an individual never possessed a legal or equitable interest in the property. *See Air Power,* 422 S.E.2d at 770 (noting that beneficiary's interest is in the personalty of the property); *see also In re Korangy,* 1989 WL 34317, at \*7 (Bankr.D.Md.1989) (property held in trust by partnership is property of the partnership and partners merely have a personalty interest which is insufficient to bring property into the bankruptcy estate), *aff'd,* 927 F.2d 596 (4th Cir.1991). The debtor merely held an interest in the rents and proceeds of the property. In the case at bar, the property did not become property of the bankruptcy estate by virtue of his beneficial interest in the land trust.[9]

■ We then turn to the issue that arises as to whether the debtor held an interest in his capacity as trustee which would become property of the estate. Section 541(b)(1) provides that property of the estate does not include any power that the debtor may exercise solely for the benefit of an entity other than the debtor. 11 U.S.C. § 541(b)(1). Here, the debtor acting as trustee may only act for the benefit of the land trust, which under the Code is an entity other than the debtor. 11 U.S.C. §§ 101(15) (defining entity), 541(b)(1); *see Loux v. Gabelhart (In re Carriage House, Inc.),* 120 B.R. 754, 766 (Bankr.D.Vt.1990) *aff'd,* 146 B.R. 352 (D.Vt.1992). It is settled law that property held by a debtor as trustee pursuant to a *creditor trust* does not become property of the bankruptcy estate. *In re Dameron,* 155 F.3d 718, 721 (4th Cir.1998) (relying on section 541(d)

and finding that trustee only had legal title); *Mitsui Mfrs. Bank v. Unicom Computer Corp. (In re Unicom Computer Corp.),* 13 F.3d 321, 324 (9th Cir.1994) (same); *see Electric M & R, Inc. v. Aultman (In re Aultman),* 223 B.R. 481, 484 (Bankr.W.D.Pa.1998) (finding equitable interest of property held in constructive trust by non-debtor third party did not constitute property of the bankruptcy estate). There are no cases from the Fourth Circuit dealing with the unique facts of our case where the debtor was both the trustee and a beneficiary of the land trust.

A strict reading of the statute leads to the conclusion that the debtor's interest in the property in his capacity as trustee does not become property of the estate. Section 541(a)(1) sets forth what becomes property of the estate and provides two exceptions, section 541(b) and (c)(2). Section 541(b) is the applicable exception in the instant case. Because the debtor, in his capacity as trustee, acts solely for the benefit of the trust, section 541(b) excludes the property from the bankruptcy estate. Furthermore, section 541(d) would not apply because this section deals with situations where a debtor holds only a legal interest. As indicated above, under Virginia law, the trustee of a land trust holds both a legal and equitable interest in the property; therefore, the plaintiff is precluded from arguing that section 541(d) brings the property into the bankruptcy estate. *Air Power,* 422 S.E.2d at 770 (trustee in land trust holds both legal and equitable title); *Curtis,* 369 S.E.2d at 854 (same).

Even if we were to find that the trustee of a land trust holds only a legal interest, it nevertheless has been held that where a trustee as debtor holds only legal title to property held in a land trust, that interest does not become property of the debtor's estate. *In re Signal Hill–Liberia Ave. Ltd. Partnership,* 189 B.R. 648, 651

**9.** Even if we were to find that the debtor in his individual capacity, had an interest in the property that could have been transferred, we

would have to find that the transfer was not avoidable because it occurred pre-petition in February 1992 at the foreclosure sale.

(Bankr.E.D.Va.1995). The court determined equitable title was held by a non-debtor entity and reasoned that because the debtor only held legal title to the property it did not become part of the bankruptcy estate. *Id.* Although this is inconsistent with Virginia state courts' interpretation of the trustee's interest, we adopt this holding in *Signal Hill–Liberia* to the extent that where the debtor is the trustee, the corpus of the trust does not become property of the estate. *Signal Hill–Liberia,* 189 B.R. at 651 (citing *Mid-Atlantic Supply, Inc. of Va. v. Three Rivers Aluminum Co.,* 790 F.2d 1121, 1124 (4th Cir.1986)). Furthermore, other courts have reached the conclusion that property held in trust by the debtor does not become property of the estate under section 541(d). *Unicom Computer,* 13 F.3d at 324; *Aultman,* 223 B.R. at 486.[10]

Accordingly, we conclude the debtor held property as trustee and could act only for the benefit of the trust and beneficiaries. Pursuant to section 541(b)(1), the property does not become property of the estate; therefore, the plaintiff cannot support an avoidance action against the defendants. The motion to dismiss must be granted.

Based on the foregoing conclusion, we decline to entertain the other arguments raised by the parties. An order will be entered consistent with this opinion.

---

**10.** It should be noted that in *Chase Manhattan Bank v. Walt Robbins, Inc. (In re Walt Robbins, Inc.),* 129 B.R. 452 (Bankr.E.D.Va. 1991), the court held that the section 541(d) applies and that property held by the debtor/trustee in a land trust becomes property of the estate. The court reasoned that to the extent that the debtor as trustee held a legal interest in the property section 541(d) applied. *Id.* at 455.

This conclusion was reached without a discussion and is inconsistent with a majority of case law and Virginia state law which states that a trustee of a land trust holds both equi-table and legal title to the real property. *Id.; see Air Power,* 422 S.E.2d at 770 (trustee in land trust holds both legal and equitable title); *Curtis,* 369 S.E.2d at 854 (same); *Mitsui,* 13 F.3d at 324 (legal interest in property held by trustee is not property of the bankruptcy estate); *Electric M & R, Inc. v. Aultman (In re Aultman),* 223 B.R. 481, 486 (Bankr.W.D.Pa. 1998) (same); *Loux v. Gabelhart (In re Carriage House, Inc.),* 120 B.R. 754, 766 (Bankr. D.Vt.1990) *aff'd,* 146 B.R. 352 (D.Vt.1992). Given the inconsistency with prevailing state law, we decline to follow *Walt Robbins.*