In re Swarna L. **THADIKAMALLA,**
Debtor.

**Robert Trauner, as Chapter 7 Trustee for the Estate of Swarna L. Thadikamalla, Plaintiff,**

v.

**Swarna L. Thadikamalla; Sohini Ayinala; Anuj Thadikamalla; Thadikamalla: L.L.L.P.; and the Estate of Krisha Thadikamalla, Defendants.**

**Bankruptcy No. 09–71254–MGD.
Adversary No. 11–05233.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 7, 2013.

William Russell Patterson, Ragsdale Beals Seigler Patterson & Gray, Atlanta, GA, for Plaintiff.

Lindsay M. Haigh, Haigh & Associates, LLC, Duluth, GA, for Defendants.

### ORDER GRANTING CHAPTER 7 TRUSTEE LEAVE TO WIND UP THADIKAMALLA, L.L.L.P.

MARY GRACE DIEHL, Bankruptcy Judge.

This Court previously ruled that Debtor holds a 70% interest in a limited partnership, Thadikamalla, L.L.L.P., which was dissolved pre-petition but not wound up, terminated, or cancelled. ("Partial Summary Judgment Order"; Docket No. 51). The Chapter 7 Trustee then filed this Motion, seeking leave to wind up the Partnership. (Docket No. 56). The motion requests the following relief: (1) an order granting leave for Trustee to wind up the Partnership; (2) an order providing Trustee unlimited authority to employ professionals to wind up the Partnership without further order of the court; and (3) an order authorizing Trustee to liquidate the Partnership's assets. Defendants oppose the relief requested on two grounds. First, Defendants assert that the Partial Summary Judgment Order is not final and, therefore, is not appealable at this time. Defendants explain that should the Partial Summary Judgment Order be overturned,

the winding up of the Partnership could not be undone. Second, Defendants state that overseeing the wind up of the Partnership is not within this Court's jurisdiction as a non-core proceeding.

■ Trustee is entitled to an order allowing him leave to wind up the Partnership. Based on the Partial Summary Judgment Order, the Partnership was dissolved by withdrawal of the general partner, and Debtor's 70% interest in the Partnership constitutes property of the estate. Trustee has a duty to administer the assets of the estate, including Debtor's 70% Partnership interest. 11 U.S.C. § 704. It is appropriate, therefore, to grant Trustee such leave. The additional relief sought by Trustee, however, will not be granted for the reasons stated below.

Defendants' argument regarding the non-final nature of the Partial Summary Judgment Order does not justify limiting Trustee's duties to administer the estate. Trustee's administration of the estate does not limit Defendants' ability to defend or institute other actions regarding the Partnership. Likewise, the parties may fashion their own resolution to compensate the estate for its 70% Partnership interest, subject to court approval. Defendants' concern about the jurisdiction of the Court overseeing a wind up is addressed below.

■ An order providing Trustee with the authority to employ professionals to wind up the Partnership without further order is overreaching. The Trustee holds Debtor's rights under Georgia law to wind up the Partnership or otherwise request compensation for the 70% Partnership interest. *In re Weiss,* 111 F.3d 1159, 1167 (4th Cir.1997); *In re Antonelli,* 148 B.R. 443, 446 (D.Md.1992) (holding that a partnership interest constitutes property of the estate), *aff'd,* 4 F.3d 984 (4th Cir.1993); *In re Signal Hill–Liberia Ave. Ltd. P'ship,* 189 B.R. 648, 652 (Bankr.E.D.Va.1995)

(holding that an individual debtor's partnership interest is property of the debtor's estate). Trustee's ability to employ professionals for the purpose of assisting him in carrying out his duties may be revisited as circumstances dictate. At this time, there is no basis, and Trustee has not provided supporting authority, to grant blanket authority to employ professionals to wind up the Partnership. Trustee's role in a potential wind up, court ordered or otherwise, is unknown. Providing Trustee with blanket authority to employ professionals is, therefore, premature.

■ As determined in the Partial Summary Judgment Order, the estate's interest is limited to Debtor's 70% Partnership interest and as successor to Debtor's rights and obligations in the Partnership. The Partnership's assets are not property of the estate. *In re Signal Hill–Liberia Ave. Ltd. P'ship,* 189 B.R. 648, 652 (Bankr.E.D.Va.1995); *Magers v. Thomas (In re Vannoy),* 176 B.R. 758, 770 (Bankr. M.D.N.C.1994). "[T]he simple act of the Debtor[ ] filing bankruptcy does not give this Court jurisdiction of the Partnership's assets." *In re Katz,* 341 B.R. 123, 130 (Bankr.D.Mass.2006). Therefore, the Court will not order liquidation of the Partnership assets without further order. Trustee must comply with applicable Georgia law to wind up the Partnership. Debtor's bankruptcy does not alter the procedures under Georgia law.

■ The Court agrees with Defendants that a court imposed wind up of the Partnership is a non-core matter. The Court disagrees, however, that this Court lacks jurisdiction. *Carolina Preservation Partners, Inc. v. Weinhold,* 414 B.R. 754, 759 (M.D.Fla.2009) (proceeding regarding partnership property is a related to proceeding); *In re Katz,* 341 B.R. at 131–32 (finding related to jurisdiction over a court ordered wind up because the right to make such a request was property of the estate).

Under the applicable standard of related to jurisdiction, the procedures regarding the wind up of the Partnership undeniably impact the estate and the administration of the estate. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *The Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990). Accordingly, it is

**ORDERED** that the Chapter 7 Trustee is **GRANTED** leave to wind up the Partnership in accordance with applicable Georgia law.

It is **FURTHER ORDERED** that a status conference will be held ***March 7, 2013*** at ***10:45 a.m.*** in Courtroom 1201, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303.

The Clerk is directed to serve a copy of this Order to the parties on the attached distribution list.